

309



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 23, 1939

Hon. W.W. Boyd, Director Coastal Division
Game, Fish & Oyster Commission
Corpus Christi, Texas

Dear Sir:-

> Re: Opinion No. O-679
> Under the facts set forth, what disposi-
> tion should be made of a seine, strike
> net, gill net, trammel net or shrimp trawl
> found in tidal waters where the use of
> such device is prohibited?

We are in receipt of your letter of April 22nd,
in which you request an opinion from this department on
the following situation:

> "In a case where a seine or net is found
> by an officer of this state in tidal waters of
> this state without anyone in possession, where
> its use is prohibited, and is seized and deliv-
> ered to the proper authority, in accordance
> with Article 952L-10, Section 3, Vernon's Anno-
> tated Criminal Statutes, P.C. Vol. 2; shall any
> person be permitted a hearing before the court,
> where such net or seine has been delivered, to
> prove ownership of the said net or seine and
> that such fishing tackle was taken into, or
> used, in the closed waters without their permis-
> sion, knowledge or consent.
>
> "And if such a hearing is in order and
> claimant of the net or seine can establish the
> fact before the court that the net or seine was
> placed in the closed waters without his permis-
> sion, knowledge, or consent, can the court re-
> turn the net or seine to the claimant or must
> it be destroyed after the 30 days have elapsed
> since notice of its seizure was posted in the
> Courthouse?"

Your question relates to a situation where the

prohibited device (seine, strike net, gill net, trammel
net or shrimp trawl) is found without any one in posses-
sion.

The pertinent portion of section 3 of article
952L-10 provides as follows:

" * * * When such device is found by any
officer of this State in or on any of the tidal
waters of this State without any one in posses-
sion where its use is prohibited, it shall be
seized by such officer, without warrant, and de-
livered to the County Judge or Justice of the
Peace in the county in which it was found. Said
officer shall make affidavit that such seine,
strike net, gill net, trammel net or shrimp
trawl was found in the tidal waters of this
State at a point where its use was prohibited,
which said affidavit shall describe said seine,
strike net, gill net, trammel net or shrimp
trawl and the Court shall direct the sheriff or
any constable of the county to post a copy of
said affidavit in the courthouse of the county
in which said seine, strike net, gill net, tram-
mel net or shrimp trawl was seized, and said of-
ficer shall make his return to the Court showing
when and where said notice was posted. Thirty
(30) days after such notice is posted, the Court,
either in term time or in vacation, shall enter
an order directing the immediate destruction of
such seine, strike net, gill net, trammel net or
shrimp trawl by the sheriff or any constable in
the county, and said officer executing said or-
der shall, under oath, make his return to said
Court showing how, when and where such seine,
strike net, gill net, trammel net or shrimp trawl
was destroyed."

We call particular attention to the provision
for posting of thirty (30) days notice by the sheriff or
constable upon the order of the court.

It is the law in this state that where property
is authorized to be condemned, such condemnation must be
done in accordance with the "due process of the law and of

land." Lynn v. State, 25 SW 779 (1894)

In the above case it was held that since dogs are property in Texas a city ordinance requiring policemen to shoot unmuzzled dogs found on any public highway in the city is invalid, taking them without compensation, or due process of law.

The pertinent provisions of our Constitution read as follows: (Section 17, Article 1).

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person. • • • "

and (Section 19)

"No citizen of this State shall be deprived of life, liberty, property privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

In our opinion the condemnation and destruction of a device, such as described in section 5, found unpossessed in prohibited waters would be a violation of the constitutional guarantee of due process, where it was not definitely known that the device was placed and operated in said waters by or with the consent and knowledge of the owner or holder of the legal title of said property.

The device might have been stolen property and the rightful owner, in whom is still vested legal title and right of possession, be unaware of the unlawful usage.

We believe that the Legislature had such a situation in mind, and that the provision of notice was inserted to provide opportunity of a hearing to any one who might come forward with clean hands and establish ownership and right to possession. In other words, the reason behind the provision of notice was to establish an opportunity of a hearing by the owner who could show that the device was taken into or used, in the prohibited waters without his knowledge or consent.

The statute is not mandatory upon the court to

order destruction. It reads that the court "shall enter an order" thirty (30) days after such notice is published. The presumption is that the court shall enter the order only in the event no claimant comes forward and demands a hearing. Unless this construction is placed upon the act, it is unconstitutional in that it is a violation of due process.

The destruction of the net is justifiable only as a part of the punishment of the owner who in violation of law places, or causes to be placed, the device in closed waters.

It does not fall within that large class of cases which provides for the condemnation of and destruction of private property, to the end that the general welfare may be preserved.

We have in mind certain quarantine laws and regulations which go to the extent of authorizing summary destruction of private property, when invested with disease germs, and are upheld as a valid exercise of the police power.

There is also the power that government has and does exercise by summary destruction of private property to prevent the spread of fires and general conflagration, which powers are upheld in the valid exercise of the police power.

In these situations the Constitution of the state of Texas does not demand, preliminary to the exercise of the police power, a judicial trial of issue as to the necessity of such summary action, and the ascertainment and awarding of damages to result therefrom. Chambers, County Judge v. Gilbert, 42 SW 630 (1897)

The device, itself, in the situation under consideration does not bear the imprint or stigma or illegality per se. It is the overt act of the owner or possessor of the device in violation of law which is the crime to be punished.

In the case of the device being found, unpossessed in closed waters, property rights of the rightful innocent owner are necessarily protected by the Constitution.

Where any seine, strike net, gill net trammel net or shrimp trawl is found by any officer of the state unpossessed in closed waters in violation of article 952L 10, Vernon's Annotated Civil Statutes, and it is seized and delivered to the county judge or justice of the peace in accordance with provisions of section 3 of said article, the requirement of posting of 30 days notice is indicative of the recognition by the Legislature of the right of an innocent owner of title, without whose knowledge or consent it was illegally used in violation of law, to a hearing and to a restoration of the device in the event of satisfactory establishment of the lack of participation, consent or knowledge of the rightful owner to the prohibited act. The contrary construction would, in all probability, render the law unconstitutional as a deprivation of property without due process of law.

Trusting that the above answers the inquiry in your letter, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

DS:apb

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN